IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KEVIN S. CASON                                                                                    PLAINTIFF

V.                                    CASE NO. 1:17-CV-01010

MEREDITH HAYDEN, Jailer, Ashley
County Detention Center ("ACDC");
SETH ABERNATHY, Jailer, ACDC;
ADELLA BURR, Jailer/Shift Supervisor,
ACDC; NICOLE CARTER, Jail Administrator,
ACDC; TANYA BURNSIDE, Shift Supervisor,
ACDC; ASHLEY COUNTY, AR;
and DANIEL FOSTER                                                                              DEFENDANTS


KEVIN S. CASON                                                                                    PLAINTIFF

V.                                    CASE NO. 1:17-CV-01018

NICOLE CARTER, Jail Administrator,
Ashley County Detention Center ("ACDC");
MEREDITH HAYDEN, Shift Supervisor,
ACDC; DANIEL FOSTER, Jailer, ACDC;
ADELLA BURR, Shift Supervisor, ACDC;
and ASHLEY COUNTY, AR                                                                          DEFENDANTS

**<u>ORDER</u>**

Before the Court is Defendants' Motion to Dismiss. ECF No. 20, 1:17-CV-01010. Plaintiff has not responded. The Court finds this matter ripe for consideration.

Plaintiff originally submitted *pro se* action Case No. 1:17-CV-01010 for filing on January 17, 2017, in the Eastern District of Arkansas. ECF No. 1, 1:17-CV-01010. On January 27, 2017, the case was transferred from the Eastern District of Arkansas to the Western District of Arkansas, El Dorado Division. ECF No. 2, 1:17-CV-01010. On March 6, 2017, Plaintiff filed Case No. 1:17-CV-01018 *pro se* in the Eastern District of Arkansas. ECF No. 2, 1:17-CV-01018. On March 7, 2017, the case was transferred from the Eastern District of Arkansas to the Western

District of Arkansas, El Dorado Division. ECF No. 3, 1:17-CV-01018. On May 9, 2017, the cases were consolidated and Case No. 1:17-CV-01010 was designated as the lead case. ECF No. 18, 1:17-CV-01010. Plaintiff's last communication with the Court was March 6, 2017, when he filed his Complaint in Case No. 1:17-CV-01018.

On June 14, 2017, Defendants filed a Motion to Dismiss (ECF No. 20, 1:17-CV-01010) stating counsel for Defendants "attempted to mail Plaintiff at the Ashley County Detention Facility a letter requesting he answer Defendants' Interrogatories and Request for Production within ten days" and that if he failed to do so "the Defendants would seek a motion to compel." ECF No. 20, ¶ 3, 1:17-CV-01010. However, this mail was returned marked "RTS – not in our facility." ECF No. 20, ¶ 3, 1:17-CV-01010. Defendants represent to the Court that they attempted to verify the last address given to the Court by the Plaintiff by entering his name and Arkansas Department of Corrections inmate number (ADC #550416) into the Inmate Search engine on adc.arkansas.gov. ECF No. 20, ¶ 4, 1:17-CV-01010. Defendants claim that the Inmate Search engine on adc.arkansas.gov "is a reliable and current source for verifying an inmate's incarceration status." ECF No. 20, ¶ 4, 1:17-CV-01010. Defendants state that Plaintiff is not listed as a current inmate in the Arkansas Department of Corrections on the Department's website. ECF No. 20, ¶ 6, 1:17-CV-01010. Defendants state they have been informed by Jail Staff at the Ashley County Detention Facility that Plaintiff has absconded. ECF No. 20, ¶ 5, 1:17-CV-01010.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her

> address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to prosecute this matter and has failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendants' Motion to Dismiss (ECF No. 20, 1:17-CV-01010) should be and hereby is **GRANTED** and Plaintiff's claims as to all Defendants are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 11th day of July, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge